Dear Mr. Stephen M. Kraus Director,
You have requested our opinion concerning Article 25, § 14A, a law that authorizes county commissioners to provide for the disposal of solid waste. Referring to the authority of Somerset County under this law, you have asked the following two questions:
1. Does Article 25, § 14A authorize the County to borrow funds for the construction of improvements to a sanitary landfill without obtaining express authority from the General Assembly?
2. Assuming Article 25, § 14A does authorize such borrowing, does the statute also authorize the County to issue a general obligation bond that pledges its full faith and credit and unlimited taxing power?
In our opinion, the answer to both of these questions is yes.
 I Background
A. State Financing of Improvements to Local Landfills
We understand that Somerset County wishes to borrow funds from the Maryland Water Quality Financing Administration ("Administration") for the purpose of constructing improvements to an existing sanitary landfill. The Administration makes loans to local governments to finance wastewater facilities, including the construction and improvement of sanitary landfills, pursuant to the Maryland Water Quality Financing Administration Act ("Act"). See Annotated Code of Maryland, Environment Article ("EN"), §§ 9-1601 through 9-1622. In connection with such a loan, the Administration ordinarily requires a participating local government to issue general obligation bonds,[1] by which the local government pledges its full faith and credit) that is, its unlimited taxing power) for the redemption of the bonds.
B. Article 25, § 14A
The General Assembly has authorized county commissioners to acquire, maintain, and operate land within their respective counties "for the disposal of refuse, garbage, rubbish or any other matter as in their judgment may promote public health." Annotated Code of Maryland, Article 25, § 14A. For these purposes, the commissioners may also construct incinerators or other refuse disposal plants. Article 25, § 14A(a). Subsidiary powers include the power to "collect reasonable service charges or fees" from using parties, § 14A(a)(3), and the power to acquire land "as needed for purposes of this section" by purchase, gift, or condemnation, § 14A(a)(5). With respect to the funding of these activities, § 14A provides:
The county commissioners, in the furtherance of the provisions of this section, may make appropriations for land acquisition and capital improvements, or borrow funds for these purposes and issue notes, bonds, or other evidences of indebtedness and make such appropriate levies as may be required to meet these obligations.
Article 25, § 14A(c).
Section 14A of Article 25 was enacted by the General Assembly in 1966. Chapter 570, Laws of Maryland 1966. Since its enactment, § 14A has not been amended. The law resulted from a study of the problem of solid waste disposal, conducted by the Legislative Council at the request of the General Assembly. See Jt. Res. 30, Laws of Maryland 1965, and Legislative Council, Report to the General Assembly of 1966 at II, 25-26, 175, and 209 (Legislative Council Report). The Council recommended legislation to enable the "counties to collect and dispose of refuse, trash and garbage." Legislative Council Report at 25. Summarizing provisions of the draft legislation, the Council noted that the bill "[a]uthorizes counties to appropriate or borrow and to expend funds for refuse disposal." Id. Except for the addition of a limitation that the land and facilities for waste disposal must be located in the county and the addition of clarifying language, the bill as recommended by the Council was enacted. Legislative Council Report at 25-26 and Chapter 570, Laws of Maryland 1966.
 II Analysis
As Somerset County would like to borrow money from the Administration to finance improvements to a sanitary landfill but does not have home rule, you have asked if Article 25, § 14A
provides the County with sufficient authority to borrow such funds and to pledge its full faith and credit.
In an earlier opinion, this Office concluded that, "[l]ike other counties without home rule, Somerset County may only create debt as expressly authorized by enactment of the General Assembly." 80 Opinions of the Attorney General ___ (1995)[Opinion No. 95-049 (November 15, 1995)] (1995 Opinion). In accordance with this principle, the 1995 Opinion observed that the General Assembly had enacted a statute specifically authorizing Somerset County to borrow up to $5,000,000 from the United States or a private lender on the county's full faith and credit to finance the construction and equipping of a landfill at Westover. Chapter 45, Laws of Maryland 1995. In our view, the County has even broader authority under Article 25, § 14A.
As noted in the 1995 Opinion, the general rule is that the powers conferred on county commissioners are strictly construed. 1995 Opinion (citing Walker v. Board of County Commissioners,208 Md. 72, 86, 116 A.2d 393 (1955)). However, in County Commissioners of Frederick County v. Schrodel, 320 Md. 202,215-216, 577 A.2d 39 (1990), the Court of Appeals broadly construed the condemnation powers conferred on county commissioners by Article 25, § 14A(a)(5), as well as by Article 25, § 11A(a)(1)(i). Although both provisions limit the power to condemn to land "needed" by the county, the Court held that the determination of what land is "needed" is a matter for the commissioners, unless their decision is clearly arbitrary. Schrodel, 320 Md. at 216.
The implication of the Schrodel case is that the remainder of § 14A is to be similarly construed. A broad construction is consistent with the legislative history. Moreover, even without a rule of liberal construction, § 14A expressly and without qualification authorizes county commissioners to borrow money to acquire land for waste disposal and for capital improvements. Article 25, § 14A(a), (c). This would necessarily include the initial acquisition of the land, the acquisition of additional land, the development of the land as a site for the disposal of refuse, and the eventual closure of the site as a landfill. In meeting their debt obligations the commissioners are not limited by § 14A to the fees they are authorized to collect from using parties. See Article 25, § 14A(a)(3). Rather, the commissioners may make "appropriate levies" to meet those obligations. Article 25, § 14A(c). These levies could include not only user fees, but taxes that the county is otherwise authorized to levy.[2]
 III Conclusion
In conclusion, under Article 25, § 14A, Somerset County has the authority to borrow money to make capital improvements to a sanitary landfill. Moreover, the County may issue general obligation bonds for this purpose.
J. Joseph Curran, Jr. Attorney General
Richard E. Israel Assistant Attorney General
Robert N. McDonald Chief Counsel Opinions Advice
[1] The Act itself does not mandate that the local government issue such bonds; rather it requires that the local government establish a "dedicated source of revenue" for repayment of a loan. EN §§ 9-1605(d)(1), 9-1605.1(d)(1).
[2] We also note that the Somerset County Sanitary Commission is authorized to pledge the full faith and credit of the County to finance landfill construction. See EN § 9-682 (authority to issue bonds); see also EN § 9-601(j) (definition of "project" includes solid waste acceptance facility).
 *Page 157